UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

CHRISTINE STALLTER, et al.,

           Plaintiffs,

v.

LAFARGE S.A., LAFARGE CEMENT HOLDING LIMITED, and LAFARGE CEMENT SYRIA S.A.

           Defendants.

------------------------------------x

No. 1:25-cv-06749

## STIPULATION AND [PROPOSED] ORDER

**WHEREAS**, on December 5, 2025, Plaintiffs filed the Complaint in the above-captioned case (the "Action") and designated this Action as related to, among other cases, *Finan v. Lafarge S.A.*, No. 1:22-cv-07831-NGG-PK; *Foley v. Lafarge S.A.*, No. 1:23-cv-05691-NGG-PK; *Fields v. Lafarge S.A.*, No. 1:23-cv-00169-NGG-PK; *Black v. Lafarge S.A.*, No. 1:24-cv-08901-NGG-PK; and *Shirley v. Lafarge, S.A.*, No. 1:25-cv-04248-NGG-PK (each case so listed in the Civil Cover Sheet, a "Related Case"), ECF No. 1-1.

**WHEREAS**, on December 22, 2025, Plaintiffs' counsel requested that Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria S.A. (collectively, "Defendants") waive service under Federal Rule of Civil Procedure 4(d); and Defendants' counsel agreed to that request on December 24, 2025.

**WHEREAS**, counsel for Plaintiffs in this Action also represents plaintiffs in two of the Related Cases: *Foley v. Lafarge S.A.*, No. 1:23-cv-05691-NGG-PK ("*Foley*") and *Black v. Lafarge S.A.*, No. 1:24-cv-08901-NGG-PK ("*Black*").

**WHEREAS**, the Court issued a Memorandum & Order on August 29, 2025 (the "8/29/25 Order") granting in part and denying in part Defendants' motions to dismiss the following three Related Cases: (i) *Foley v. Lafarge S.A.*, No. 1:23-cv-05691-NGG-PK; (ii) *Finan v. Lafarge S.A.*, No. 1:22-cv-07831-NGG-PK; and (iii) *Fields v. Lafarge S.A.*, No. 1:23-cv-00169-NGG-PK (collectively, the "First-Filed Cases").

**WHEREAS**, the 8/29/25 Order ruled that the Court could exercise personal jurisdiction over Defendants in the First-Filed Cases, that the plaintiffs in the First-Filed Cases (the "First-Filed Case Plaintiffs") had failed to state claims for aiding and abetting under the Anti-Terrorism Act, as amended by the Justice Against Sponsors of Terrorism Act (the "ATA"), and that the First-Filed Case Plaintiffs had stated claims for conspiracy under the ATA.

**WHEREAS**, Plaintiffs respectfully contend that the 8/29/25 Order erroneously dismissed the First-Filed Case Plaintiffs' claims for aiding and abetting under the ATA, and Defendants respectfully contend that the 8/29/25 Order erroneously found that the Court could exercise personal jurisdiction over Defendants, and that the 8/29/25 Order erroneously concluded that the First-Filed Case Plaintiffs had stated claims for conspiracy under the ATA.

**WHEREAS**, the parties nonetheless recognize that the Court's holdings in the 8/29/25 Order would apply with equal force to the same bases for dismissal if raised in this Action.

**WHEREAS**, Defendants filed motions in the First-Filed Cases to reconsider the 8/29/25 Order (*Foley* ECF 101) and for certification of an interlocutory appeal from the 8/29/25 Order (*Foley* ECF 102), which were denied on October 28, 2025 (*Foley* ECF 117 (the "Reconsideration Order")) and October 17, 2025 (*Foley* ECF 114 (the "1292(b) Order")), respectively.

**WHEREAS**, on December 19, 2025, Defendants filed a petition for a writ of mandamus to the U.S. Court of Appeals for the Second Circuit requesting that the Court of Appeals vacate the portion of the 8/29/25 Order finding that the District Court could exercise personal jurisdiction over Defendants, and that petition is currently pending, *see In re Lafarge S.A.*, No. 25-3212 (2d Cir.).

**WHEREAS**, the parties wish to conserve resources and avoid burdening the Court with unnecessary and duplicative motion practice.

**IT IS HEREBY STIPULATED AND AGREED**, by the parties hereto, through their undersigned counsel, as follows:

**A.**   **Waiver of Service**

1.   Under Federal Rule of Civil Procedure 4(d), Defendants waive service of the summons and Complaint in this Action, expressly conditioned upon the terms stated in ¶¶ 2-5 below. Pursuant to this agreement, Defendants will sign waiver forms to facilitate Plaintiffs filing proofs of waiver on the docket in this Action.

2.   This agreement is limited to this Action and should not be construed as an agreement by Defendants to waive the service requirements in any other litigation.

3.   Defendants do not waive any other rights, objections, defenses, or claims, including the right to challenge personal and subject matter jurisdiction and venue. Nor do Plaintiffs waive any other rights, objections, arguments, or claims concerning those issues, except as set forth in the following paragraphs. Similarly, other than as set forth herein, this Stipulation does not prejudice any other positions that Plaintiffs or Defendants may take later in this Action.

4.   Plaintiffs agree that they will not argue that waiver of service or negotiation of this Stipulation supports personal jurisdiction over Defendants. Defendants will not object to or

challenge personal jurisdiction on the basis of any argument that Plaintiffs have failed to serve a summons or to file a waiver of service as required under Federal Rules of Civil Procedure 4(k)(1) and (2). Defendants shall retain the right to object to or challenge personal jurisdiction on any other basis.

5. Plaintiffs agree that Defendants will not be deemed "served" in any "district court of the United States" for purposes of 18 U.S.C. § 2334(a) as a result of waiving service.

**B.     Applicability of 8/29/25 Order to this Action**

6. For the reasons stated in the 8/29/25 Order, and subject to the rights to further review and appeal noted below in ¶¶ 11-13, the Court finds that it can exercise personal jurisdiction over Defendants in this Action.

7. For the reasons stated in the 8/29/25 Order, and subject to the rights to further review and appeal noted below in ¶¶ 11-13, the Court dismisses Plaintiffs' claim for aiding and abetting under the ATA (Count One) in the Action.

8. For the reasons stated in the 8/29/25 Order, and subject to the rights to further review and appeal noted below in ¶¶ 11-13, the Court finds that Plaintiffs have stated claims for conspiracy under the ATA (Counts Two and Three) in the Action.

9. Defendants are deemed to have moved to dismiss the Complaint in this Action and to have raised in this Action all of the arguments stated in support of their motions to dismiss filed in the First-Filed Cases, and relied on all of the evidence and authorities submitted in connection with those motions, including in any notices of supplemental authority and/or responses thereto. Plaintiffs are deemed to have opposed that motion and to have raised in this Action all of the arguments stated by the First-Filed Case Plaintiffs in opposition to the motions to dismiss filed in the First-Filed Cases, and relied on all of the

evidence and authorities submitted in connection with their opposition papers, including in any notices of supplemental authority and/or responses thereto. The Court grants in part and denies in part dismissal of the Complaint in this Action for the reasons stated in the 8/29/25 Order.

10. Defendants are deemed to have moved for reconsideration of the 8/29/25 Order and for certification of an interlocutory appeal from the 8/29/25 Order and to have raised in this Action all of the arguments stated in support of their respective motions seeking such relief that were filed in the First-Filed Cases, and relied on all of the evidence and authorities submitted in connection with those motions. Plaintiffs are deemed to have opposed those motions and to have raised in this Action all of the arguments stated by the First-Filed Case Plaintiffs in opposition to the motions for reconsideration and interlocutory appeal certification that were filed in the First-Filed Cases, and relied on all of the evidence and authorities submitted in connection with their opposition papers. The Court denies reconsideration of the 8/29/25 Order for the reasons stated in the Reconsideration Order and declines to certify an appeal from the 8/29/25 Order for the reasons stated in the 1292(b) Order.

11. The parties retain all rights to seek the dismissal of this action, or the dismissal or reinstatement of any claims in the Complaint, based on any appeal from or other challenge to the 8/29/25 Order, including via appeal of any final judgment in the First-Filed Cases. If the grounds stated in the 8/29/25 Order in support of the exercise of the Court's personal jurisdiction, the dismissal of the aiding-and-abetting claims, or the adequacy of the conspiracy claims are erroneous, the application of the 8/29/25 Order to this Action on those grounds must be in error as well.

12. Defendants retain all rights to appeal or otherwise challenge the 8/29/25 Order in the First-Filed Cases, and plaintiffs in those cases retain all rights to argue in any appeal or otherwise challenge that the 8/29/25 Order erred in dismissing the aiding-and-abetting claims.

13. The parties retain all rights to appeal or otherwise challenge the Court's rulings that it has personal jurisdiction over Defendants, that Plaintiffs have failed to state a claim for aiding and abetting under the ATA, that Plaintiffs have stated claims for conspiracy under the ATA, and (for avoidance of doubt) including appeal in this Action of any part of the 8/29/25 Order in the First-Filed Cases that is referenced in paragraphs 6-8.  For avoidance of doubt, the Court's order adopting this Stipulation will be treated as though it incorporates the 8/29/25 Order in full.  The parties will have the same rights to appeal or challenge the Court's determinations and rulings that form the basis of this Stipulation as they would have if those determinations and rulings were set forth in a separate order adjudicating a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) in this Action and the parties appealed or challenged that separate order.

C. **Certain Scheduling and Logistical Matters**

14. Defendants' deadline to file their Answer to the Complaint in this Action is extended until February 20, 2026.

15. The parties shall promptly join any protective order governing discovery materials entered in *Black* and *Foley* or shall otherwise seek entry of a protective order in this Action that is materially identical to any such protective order entered and currently operative in those Related Cases.

16. The parties shall promptly seek entry of a stipulated order regarding electronic discovery procedure in this Action that is materially identical to the stipulation and order

entered in the First-Filed Cases (*Foley* ECF 121).

17. The parties shall submit in this Action as soon as practicable a Proposed Discovery Plan/Scheduling Order that—beginning with Section C.3 (fact discovery completion date)—is identical to the Scheduling Order entered in the First-Filed Cases (*Foley* ECF 104), including as to all footnotes therein. The parties shall meet and confer to select sensible dates for the items listed in Sections A.1 through C.2 of the Proposed Discovery Plan/Scheduling Order.

18. Plaintiffs will endeavor to avoid duplicative discovery with that conducted in the Related Cases, particularly in *Foley* and *Black*.

Dated: January 22, 2026

| | |
|---|---|
| By: /s/ _Adam J. Goldstein_<br>Adam J. Goldstein (No. 5123286)<br>Ryan R. Sparacino (*pro hac vice* forthcoming)<br>SPARACINO PLLC<br>1920 L Street, NW, Suite 835<br>Washington, D.C. 20036<br>Tel: (202) 629-3530<br>Fax: (202) 629-3658<br>ryan.sparacino@sparacinopllc.com<br>adam.goldstein@sparacinopllc.com<br><br>*Counsel for Plaintiffs* | By: /s/ *David W. Bowker*<br>David W. Bowker<br>Jonathan E. Paikin<br>Albinas Prizgintas (*pro hac vice* forthcoming)<br>WILMER CUTLER PICKERING<br>     HALE AND DORR LLP<br>2100 Pennsylvania Avenue NW<br>Washington, D.C. 20037<br>Tel: (202) 633-6000<br>Fax: (202) 633-6363<br>david.bowker @wilmerhale.com<br>jonathan.paikin@wilmerhale.com<br>albinas.prizgintas@wilmerhale.com<br><br>Alyson Zureick<br>WILMER CUTLER PICKERING<br>     HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel: (212) 937-7529<br>Fax: (212) 230-8888<br>alyson.zureick@wilmerhale.com<br><br>*Counsel for Defendants* |

**SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE