KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900
FACSIMILE:
(202) 326-7999

September 16, 2026

***Via ECF***

The Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: ***Foley et al. v. Lafarge S.A. et al.*, No. 1:23-cv-05691-NGG-PK (E.D.N.Y.)**
***Goldman et al. v. Lafarge S.A. et al.*, No. 1:24-cv-01043-NGG-PK (E.D.N.Y.)**
***Black et al. v. Lafarge S.A. et al.*, No. 1:24-cv-08901-NGG-PK (E.D.N.Y.)**
***Stallter et al. v. Lafarge S.A. et al.*, No. 1:25-cv-06749-NGG-PK (E.D.N.Y.)**

Dear Judge Kuo:

We write on behalf of Plaintiffs and without the objection of Defendants for leave to publicly refile the Memorandum in Support of Plaintiffs' Motion for Spoliation Sanctions in the above-captioned matters. *See* Memorandum in Support of Plaintiffs' Motion for Spoliation Sanctions, *Foley* Dkts. 215, 216, 219; *Goldman* Dkts. 105, 106, 109; *Black* Dkts. 104, 105, 108; *Stallter* Dkts. 85, 86, 90 (collectively, "Spoliation Motion"). Plaintiffs also seek leave to publicly refile the exhibits appended to the Spoliation Motion with limited redactions, consistent with Federal Rule of Civil Procedure 5.2.

As Plaintiffs noted in their consent motion to seal, they did not believe that sealing of the Spoliation Motion or its exhibits is warranted. *Foley* Dkt. 216 at 2. But because several of the exhibits were marked by Defendants as "Attorneys' Eyes Only" or "Confidential" under the Confidentiality Order governing these actions (*Foley* Dkt. 42-1; *Goldman* Dkt. 31; *Black* Dkt. 21; *Stallter* Dkts. 16, 19), Plaintiffs sought "leave to file th[o]se documents under seal provisionally, pending a meet-and-confer with Defendants." *Foley* Dkt. 216 at 2. Plaintiffs also redacted information referencing these sealed exhibits in the Spoliation Motion itself.

Following the Parties' meet-and-confer, Defendants withdrew their confidentiality designations over most of the exhibits and agreed that Plaintiffs may file them publicly. Defendants also agreed Plaintiffs could file an unreacted version of the Spoliation Motion, which

does not contain reference to any of the materials over which Defendants are maintaining any confidentiality designation. For that reason, Plaintiffs now seek leave to publicly refile both the Spoliation Motion and all its exhibits except for Exhibits 26, 56, and 88.

At Defendants' request, Plaintiffs are amenable to maintaining three exhibits partially under seal: Exhibits 26, 56, and 88. The Parties have agreed that these documents should remain under seal to protect certain personal information, *see* Rule 5.2, but that most of their substance may be unsealed. Plaintiffs thus also seek leave to file redacted versions of these three exhibits on the public docket. This is the same process the parties used for the *Foley* First Amended Complaint, which Plaintiffs initially filed under seal and then later filed publicly with the Court's permission after Defendants removed the relevant confidentiality designations. *See Foley* Dkts. 68, 88, and 89; *Foley* 12/13/2024 Order. The same result is warranted here.

Respectfully submitted,

/s/ Joshua D. Branson

Joshua D. Branson (*pro hac vice*)
Andrew E. Goldsmith
Kellogg, Hansen, Todd,
Figel & Frederick PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com

*Counsel for Foley Plaintiffs, Goldman Plaintiffs, Black Plaintiffs, and Stallter Plaintiffs*

cc: All Counsel of Record (via ECF)